UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


ANDREW BENTON CUFAUDE,  Case No. 2:19-cv-00070-MC

    Petitioner,  OPINION AND ORDER

  v.

BRAD CAIN, Superintendent,
Snake River Correctional Institution,

    Respondent.
_____

MCSHANE, District Judge:

    Petitioner files this federal habeas action pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds of ineffective assistance of counsel, trial court error, and prosecutorial misconduct. Respondent argues that all of petitioner's claims are procedurally defaulted and barred from federal review. Based on the record before this Court, petitioner failed to raise his claims before the Oregon appellate courts and he establishes no grounds to excuse the default of his claims. The Petition is DENIED.

## BACKGROUND

In March 2007, petitioner was indicted on two counts of Sodomy in the First Degree and two counts of Sexual Abuse in the First Degree. Resp't Ex. 102. The charges arose from petitioner's sexual abuse of his seven-year-old step-daughter.

Petitioner waived his right to jury trial and proceeded to trial before the court. Resp't Ex. 120. On February 4, 2008, the trial court found petitioner guilty of Sodomy in the First Degree and a lesser included offense of Attempted Sexual Abuse in the First Degree. Resp't Ex. 101; *see also* Transcript of Proceedings (Tr.) at 430-38. The trial court imposed concurrent sentences totaling 300 months of imprisonment and ordered petitioner to pay restitution to his wife and step-daughter. Resp't Ex. 101; Tr. at 480-81.

Petitioner appealed, and the Oregon Court of Appeals remanded the case for resentencing with respect to restitution and otherwise affirmed. *State v. Cufaude*, 232 Or. App. 280, 281-82, 221 P.3d 834 (2009) (per curiam).

Petitioner then sought post-conviction relief (PCR) on grounds of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and cumulative error. Resp't Ex. 113. The State moved for partial summary judgment on several claims of ineffective assistance of counsel and all claims of prosecutorial misconduct and cumulative error, on grounds that petitioner failed to support his claims with sufficient evidence. Resp't Ex. 114. The PCR court granted the State's motion and proceeded to trial on petitioner's remaining ineffective assistance claims. Resp't Exs. 116-17. Ultimately, the PCR denied relief. Resp't Ex. 147.

On appeal, petitioner challenged the PCR court's summary judgment ruling and argued that the PCR court relied on improper grounds when it dismissed several ineffective assistance

of counsel claims. Resp't Ex. 148. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 150-52.

On January 16, 2019, petitioner filed the instant habeas action.

## DISCUSSION

Petitioner's Amended Petition includes five claims for relief. In his First and Fourth Claims for Relief, petitioner alleges the ineffective assistance of trial and appellate counsel, respectively. In his Second and Third Claims for Relief, petitioner alleges trial court error and prosecutorial misconduct. Finally, in his Sixth Claim for Relief, petitioner asserts that the cumulative errors established by his claims warrant habeas relief.[1] Respondent contends that petitioner did not fairly present any of his federal claims to the Oregon appellate courts and they are now barred from federal review.

A state habeas petitioner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To meet the exhaustion requirement, the petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (quotation marks omitted); *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper

---

[1] The claims in the Amended Petition are labeled as First, Second, Third, Fourth, and Sixth Claims for Relief; it does not include a Fifth Claim for Relief.

Page 3   - OPINION AND ORDER

vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (internal citations omitted).

If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider unexhausted and procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

Petitioner does not dispute that he failed to fairly present his Second and Fourth Claims for Relief to the Oregon courts, and these claims are procedurally defaulted. However, petitioner argues that he pursued all available state court remedies for his First, Third, and Sixth Claims for Relief.

In his First Claim for Relief, petitioner asserts the ineffective assistance of trial counsel based on five grounds, subparts A through E. Petitioner contends that he fairly presented these claims to the Oregon appellate courts by appealing the PCR court's summary judgment ruling. However, as respondent notes, none of the grounds alleged in petitioner's First Claim for Relief were dismissed by the PCR court on summary judgment.

In subparts A and B of his First Claim for Relief, petitioner alleges that trial counsel failed to seek an order to preserve certain evidence – petitioner's cell phone and a digital recording of petitioner's statements to police – and failed to engage in plea negotiations. These claims were not raised in petitioner's PCR petition. Instead, petitioner asserted that counsel

failed to present evidence concerning the alleged tampering of his recorded statements and the alleged disposal of his cell phone. Petitioner did not assert that his counsel failed to obtain an order to preserve such evidence, and petitioner raised no claim regarding the lack of plea negotiations. Resp't Ex. 113 at 5-6.[2]

In subparts C, D, and E of his First Claim for Relief, petitioner alleges that trial counsel failed to: 1) adequately advise petitioner about waiving his right to a jury; 2) call petitioner's mother as a witness and adequately question petitioner's father at trial; and 3) prepare petitioner to testify. Although petitioner asserted these claims in his PCR petition, the PCR court did not grant summary judgment on these claims. Resp't Exs. 113, 116. Instead, the PCR court denied relief after considering evidence and petitioner's testimony, and petitioner did not appeal the PCR court's denial of these claims. *See* Resp't Exs. 146-48.

Accordingly, petitioner he did not fairly present his claims of ineffective assistance of trial counsel to the Oregon appellate courts, and his First Claim for Relief is unexhausted and procedurally defaulted.

In his Third Claim for Relief, petitioner alleges several instances of prosecutorial misconduct. During the PCR proceedings, the State argued that petitioner's prosecutorial misconduct claims were not cognizable in a PCR proceeding and failed to state a claim for relief. Resp't Ex. 114 at 10. The PCR court agreed and granted summary judgment on that basis. Resp't Ex. 116 at 13. Petitioner argues that the State cannot now rely on procedural default to bar federal review of these claims, because petitioner could not have exhausted a state court PCR remedy that was unavailable to him. *See* 28 U.S.C. 2254(b)(1)(B)(ii) (excusing the

---

[2] Even if this Court found that petitioner's PCR petition encompassed subpart A – the failure to seek an order of preservation – petitioner did not raise any argument to support this claim on appeal. Resp't Ex. 148.

Page 5    - OPINION AND ORDER

failure to exhaust when procedures provided by the State are "ineffective to protect the rights of" a petitioner); *see also Whaley v. Belleque*, 520 F.3d 997, 1001-03 (9th Cir. 2008) (holding that the State could not assert a petitioner's failure to exhaust his state court remedies barred federal review when the State had successfully argued before the Oregon Court of Appeals that the petitioner's claim was moot).

Granted, the State argued that petitioner's claims of prosecutorial misconduct were improperly raised in his PCR proceeding. In support of its argument, however, the State cited and emphasized the language of Or. Rev. Stat § 138.550(2), a statute that generally prohibits a petitioner from raising a PCR claim that "was not asserted *and could not reasonably have been asserted* in the direct appellate review proceeding." Resp't Ex. 114 at 10 (quoting and adding emphasis to Or. Rev. Stat § 138.550(2)). The State also quoted the following language of *Palmer v. State,* 318 Or. 352, 867 P.2d 1368 (1994):

> The issue in this case is whether a petitioner may assert as a ground for post-conviction relief an issue that was not raised at trial in the underlying criminal proceeding, when the petitioner reasonably could have been expected to raise that issue in the trial court and when the petitioner does not assert that the failure to raise that issue constituted inadequate assistance of trial counsel. We hold that a petitioner may not assert such an issue as a ground for post-conviction relief.

*Id.* (quoting *Palmer*, 318 Or. at 354). In other words, the State contended that petitioner's prosecutorial misconduct claims were not cognizable in his PCR proceeding because he reasonably could have raised those grounds during trial or on direct appeal. In granting summary judgment, the PCR court agreed with the State and found that petitioner's prosecutorial misconduct claims failed to state a claim for relief, "as alleged." Resp't Ex. 116 at 13. Nothing in the record suggests the State argued or the PCR found that a petitioner can *never* raise a prosecutorial misconduct claim in a PCR proceeding.

The record shows that petitioner had knowledge of the facts underlying his prosecutorial misconduct claims at the time of trial and sentencing. *See* Resp't Exs. 125, 127-28; *see also* Tr. 474-77. Further, during his PCR proceeding, petitioner did not explain why he was unable to raise his prosecutorial misconduct claims on direct appeal. Resp't Ex. 114-15; Resp't Ex. 145; *see* Or. Rev. Stat § 138.550(2); *Palmer*, 318 Or. at 354. Thus, petitioner failed to fairly present his prosecutorial misconduct claims to the Oregon courts, and his Third Claim for Relief is barred by procedural default.

Petitioner attempts to excuse the default of his claims by asserting actual innocence. A colorable claim of actual innocence may serve as a "gateway" to allow the consideration of claims that are otherwise procedurally barred. *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995); *see also Smith v. Baldwin*, 510 F.3d 1127, 1139-40 (9th Cir. 2007) (en banc). "In order to pass through the *Schlup* actual innocence gateway, a petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014) (internal quotation marks, citations, and alterations omitted). "This new evidence must be reliable, and the reviewing court 'may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'" *Id.* (quoting *Schlup,* 513 U.S. at 332).

Petitioner presents no new, reliable evidence to support his claim of actual innocence, and he presents no credible assertion that any such evidence exists. Accordingly, petitioner fails to excuse the procedural default of his First, Second, Third, and Fourth Claims for Relief. Given the default of these claims, petitioner cannot show cumulative error to support his Sixth Claim for Relief.

## CONCLUSION

The Amended Petition for Writ of Habeas Corpus (ECF No. 18) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this 24th day of May, 2021.

                                                  s/ Michael J. McShane
                                                  MICHAEL J. MCSHANE
                                                  United States District Judge